IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:25-cv-00901-KDB-DCK

KANE ZORAN MEDIC,                                )
                                                 )
Plaintiff,                                       )
                                                 )
v.                                               )
                                                 )
CITY OF CHARLOTTE;                               )
OFFICER KRISTIN TOLMAN (Badge #6050);            )
OFFICER MICHAEL W. TRAVIS (Badge #3113);         )
PROFESSIONAL SECURITY CONSULTANTS, INC.;         )
SPINOSO REAL ESTATE GROUP DLS, LLC; and          )
HULL PROPERTY GROUP, LLC,                        )
                                                 )
Defendants.                                      )
_____)

FILED
CHARLOTTE, NC

MAY 2 6 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

PLAINTIFF'S SUPPLEMENTAL STATEMENT REGARDING DAMAGES CALCULATION

Plaintiff Kane Zoran Medic respectfully submits this Supplemental Statement Regarding Damages Calculation and states the following:

I. Clarification of Previously Referenced Damages Amount

A. Partial Nature of Prior Estimate

1. Plaintiff respectfully clarifies that the reference in the Consolidated Complaint to "approximately $58,000" in lost wages represented an early and partial estimate of economic wage-related damages known at the time the pleading was drafted.

2. The referenced figure was not intended to represent the total scope of compensatory damages arising from the events alleged in the Complaint.

B. Information Not Yet Fully Compiled at Time of Filing

1. At the time of filing the Consolidated Complaint, Plaintiff had not yet completed a comprehensive compilation and review of supporting financial and employment-related documentation.

2. Such documentation included:

a. IRS wage and income transcripts;

b. Payroll and paystub records;

c. Banking documentation;

d. Credit-related records;

e. Unemployment-related documentation;

f. Relocation-related evidence; and

g. Documentation reflecting continuing financial injury spanning the post-incident period from 2023 through the present.

II. Categories of Damages Subsequently Substantiated

A. Economic and Financial Damages

1. Plaintiff has since gathered additional evidence demonstrating broader economic losses and financial disruption than initially estimated.

2. Such damages include, but are not limited to:

a. Continuing lost earning capacity;

b. Prolonged employment instability;

c. Repeated job disruption despite ongoing mitigation efforts;

d. Housing displacement and periods of vehicular homelessness;

e. Accumulated credit deterioration;

f. Overdraft-related financial penalties;

g. Delinquency-related financial injury;

h. Interest and late-fee accrual associated with survival-related expenses; and
i. Survival-related expenditures involving transportation, food, hygiene, lodging, and employment-maintenance costs.

B. Non-Economic Damages

1. Plaintiff further asserts continuing non-economic harm associated with the events alleged in the Complaint.

2. Such harm includes:

a. Emotional distress;

b. Anxiety and humiliation;

c. Reputational harm;

d. Ongoing hardship and instability; and

e. Continuing disruption to Plaintiff's professional and personal circumstances.

III. Continuing Compilation of Supporting Evidence

A. Documentary Evidence

1. Plaintiff has continued compiling documentation supporting the damages asserted in this action.
2. Such materials include representative:

a. IRS transcripts;

b. W-2 forms;

c. Payroll documentation;

d. Bank statements;

e. Credit-account records;

f. Unemployment-related records; and

g. Employment-related records spanning multiple states and employers.

B. Purpose of Supporting Documentation

1. The submitted materials are intended to demonstrate:

a. Continuous mitigation efforts;

b. Repeated attempts to maintain employment;

c. Interstate relocation undertaken in pursuit of work and housing stability;

        d. Financial deterioration occurring after the underlying events alleged in the Complaint; and

        e. Continuing economic and non-economic hardship extending through the present date.

## IV. Reservation Regarding Total Compensatory Damages

### A. No Limitation Intended

1. Plaintiff respectfully states that the earlier reference to approximately $58,000 should not be construed as a complete calculation, cap, or limitation upon total compensatory damages sought in this matter.

2. Rather, the figure represented an initial estimate of partial economic wage loss available at the time of filing.

### B. Additional Relief Requested

1. Plaintiff further notes that the Consolidated Complaint expressly sought additional relief including:

        a. Emotional-distress damages;

        b. Reputational-harm damages;

        c. Costs and allowable litigation expenses;

        d. Attorney's fees pursuant to 42 U.S.C. § 1988, where applicable; and

        e. Such other and further relief as the Court deems just and proper.

### C. Present Position

1. Plaintiff respectfully submits that the evidentiary materials now compiled support a substantially greater damages valuation than initially referenced in the Consolidated Complaint.

Dated: May 21, 2026

*Kane Medic*

Respectfully submitted,

Kane Zoran Medic
Plaintiff, Pro Se
General Delivery
Christiansburg, VA 24073
757-767-6813
kanemedic@outlook.com

CERTIFICATE OF SERVICE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:25-CV-00901-KDB-DCK

I hereby certify that on this 21st day of May, 2026, I served a true and correct copy of the foregoing Supplemental Declaration of Plaintiff Regarding Damages, Supplemental Statement Regarding Damages Calculation, and accompanying exhibits upon the following parties via First-Class Mail or via Email as follows:


Taylor Imperiale
Charlotte City Attorney's Office
600 E. 4th Street
Charlotte, NC 28202
Email: Taylor.Imperiale@charlottenc.gov
(Counsel for City of Charlotte, Officer Kristin Tolman, and Officer Michael W. Travis)

Andrew T. Cornelius
Hartsell & Williams, P.A.
71 McCachern Boulevard, SE
P.O. Box 368
Concord, NC 28026
Email: acornelius@hwpalaw.com
(Counsel for Hull Property Group, LLC)

Professional Security Consultants, Inc.
c/o Paracorp Incorporated, Registered Agent
176 Mine Lake Ct., Suite 100
Raleigh, NC 27615
(Defendant)

Spinoso Real Estate Group DLS, LLC
c/o Corporation Service Company
80 State Street
Albany, NY 12207-2543
(Defendant)

Respectfully submitted,

/s/ Kane Zoran Medic, Plaintiff Pro Se